IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

DARLENE MCCOY,

    Plaintiff,

v.                                            Civil Action No. 3:23-cv-00187
                                                  (Removed from Circuit Court of Cabell County
                                                  Civil Action No. 23-C-39)

NATIONWIDE MUTUAL AUTOMOBILE
INSURANCE COMPANY and MICHAEL
HATFIELD (*in name only*),

    Defendants.

# Notice of Removal

Defendant, Nationwide Mutual Automobile Insurance Company [1] ("Nationwide"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of its removal of a cause of action commenced in the Circuit Court of Cabell County, West Virginia styled *Darlene McCoy, Plaintiff, v. Nationwide Mutual Automobile Insurance Company and Michael Hatfield (in name only)*, *Defendants*, Civil Action No. 23-C-59 (the "State Court Action"), to the United States District Court for the Southern District of West Virginia. In support of its Notice of Removal, Nationwide states as follows:

## Statement of Allegations / Procedural History

1.    On January 31, 2023, Plaintiff Darlene McCoy ("Plaintiff"), filed her Complaint in the State Court Action with the Circuit Court of Cabell County. [*See*, Complete Copy of State Court Action, attached hereto as Ex. 1]; [Docket Sheet, attached hereto as Ex. 2.]

---

[1] Plaintiff's Complaint erroneously refers to "Nationwide Mutual Automobile Insurance Company," which is not an actual legal entity. Rather, Nationwide's legal entity name is "Nationwide Mutual Insurance Company."

2. In the State Court Action, Plaintiff alleges, among other things, that:

    a. On January 5, 2022, Michael Hatfield ("Mr. Hatfield") collided with Plaintiff on W. 12th Street, Huntington, West Virginia ("Accident").

    b. State Farm Mutual Automobile Insurance Company ("State Farm") insured Mr. Hatfield ("State Farm Policy").

    c. The State Farm Policy provided limits of $25,000.00 per person.

    d. Nationwide insured Plaintiff under Policy No. 9247V 032210 ("Nationwide Policy").

    e. The Nationwide Policy provided limits of $50,000.00 per person and was in effect at the time of the Accident.

    f. State Farm tendered its Policy limits of $25,000.00 for a release of Mr. Hatfield.

    g. Plaintiff sustained damages in excess of the State Farm Policy limits from the Accident.

    h. Plaintiff made a claim under her Nationwide Policy for payment of policy limits.

    i. Nationwide refused to pay Plaintiff "reasonable amounts" under the Nationwide Policy

[Ex. 1, Compl. at ¶¶ 5-6.]

3. Based on these allegations, Plaintiff pursued claims for: (1) breach of contract; (2) violations of the West Virginia Unfair Trade Practices Act against Nationwide; and (3) bad faith. [Ex. 1, Compl. at ¶¶ 6-8.]

4. Based on these causes of action, Plaintiff requested that the Circuit Court enter a judgment against the Nationwide for compensatory damages, "pre-judgment interest, post-judgment interest, court costs, attorneys' fees . . . [and] punitive damages." [Ex. 1, Compl. at ¶ X.]

5. 28 U.S.C. § 1446(b) requires Nationwide to remove this civil action within thirty (30) days of receipt of an order that made the civil action removal. *See* 28 U.S.C. § 1446(b)(3).

6.　　Nationwide timely filed this Notice of Removal pursuant to 28 U.S.C. § 1446. *See* 28 U.S.C. § 1446(c)(1).

## Diversity Jurisdiction

7.　　28 U.S.C. § 1441 allows Nationwide to remove a civil action from state court to federal court if: (i) the amount in controversy meets or exceeds Seventy-Five Thousand Dollars ($75,000.00) and (ii) the civil action involves a controversy between citizens of different states. 28 U.S.C. § 1441.

## Citizenship

8.　　To establish diversity jurisdiction, Nationwide must prove diversity of citizenship in order to remove the State Court Action. 28 U.S.C. §§ 1332(a)(1); 1441.

9.　　At the time Plaintiff filed their Complaint, Plaintiff alleged that she is a resident of Cabell County, West Virginia. [Ex. 1, Compl. at ¶ 1.]

10.　　Defendant, Nationwide, is an Ohio corporation, with its principal place of business located at One Nationwide Boulevard, Columbus, Ohio. [*See*, Nationwide Secretary of State Information, attached hereto as Ex. 3.]

11.　　Plaintiff alleges that Mr. Hatfield is a resident of Cabell County, West Virginia but, critically, Plaintiff names Mr. Hatfield as a "defendant in name only."

12.　　The "'nominal party exception' ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case." *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013) (citing *Tri-Cities Newspaper, Inc. v. Tri-Cities printing Pressman & Assistants' Local 349,* 427 F.2d 325, 327 (5th Cir. 1970)).

13. "Nominal means simply a party having no immediately apparent stake in the ligation either prior or subsequent to the act of removal." *See Steadfast Ins. Co. v. Beckley Nat'l Ins. Co.*, No. 2:15-cv-09203, 2015 WL 9008821, at *2 (S.D. W. Va. Dec. 15, 2015).

14. "[A] federal court must disregard nominal or formal parties and rest jurisdiction upon the citizenship of real parties to the controversy." *See Lyles v. FTL, Inc.*, No. 2:17-cv-01974, 2018 WL 762467, at *2 (S.D. W. Va. Feb. 7, 2018) (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980)).

15. Black's Law Dictionary defines "nominal" to mean "[e]xisting in name only." *See* BLACK'S LAW DICTIONARY, Nominal (11th ed. 2019).

16. Plaintiff names Mr. Hatfield as a defendant "in name only." Mr. Hatfield lacks an interest in the litigation because State Farm settled his liability for the Accident prior to the initiation of the State Court Action. [Compl. at ¶ 6.] The exhaustion of Mr. Hatfield's State Farm Policy allowed Plaintiff to pursue underinsured motorist liability benefits under her Nationwide Policy.

17. Without consideration of Mr. Hatfield as a nominal party, complete diversity exists under 28 U.S.C. §§ 1332(a)(1) and 1441.

## Amount in Controversy

18. In addition to establishing diversity of citizenship, Nationwide must also establish, by a preponderance of the evidence, that the "the sum demanded in good faith in the initial pleading" meets or exceeds the jurisdictional threshold of Seventy-Five Thousand Dollars ($75,000.00). 28 U.S.C. § 1446(c)(2); *see Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013).

19. Plaintiff's Complaint alleges claims against Nationwide for: (1) breach of contract; (2) violations of the UTPA; and (3) bad faith. While the Complaint identifies the limits of the Policy, it fails to specify the specific amount sought other than demanding relief "in an amount which will reasonably compensate [Plaintiff] in compensatory damages, for all damages sustained by the Plaintiff in the past and for all damages to be sustained by the Plaintiff in the future." [Ex. 1, Compl. at ¶ 10.]

20. Prior to filing her Complaint, on October 21, 2022, Plaintiff submitted a policy limit demand of $50,000.00 to Nationwide ("Demand").[2] [*See*, Oct. 21, 2022, Demand, attached hereto as Ex. 4.]

21. Importantly, however, in the Demand, **Plaintiff calculated her "medical treatment expenses and non-economic damages to date" at $111,936.70**. [Ex. 4 at p. 3 (emphasis added).]

22. If Plaintiff proves her damages above or beyond the limits of the Policy, Plaintiff can recover $50,000.00 under the Nationwide Policy.

23. Additionally, if Plaintiff substantially prevails against Nationwide on her breach of contract claim, Plaintiff may recover extracontractual damages including: (1) net economic loss; (2) reasonable attorneys' fees; and (3) annoyance, aggravation and inconvenience. *See Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73 (W. Va. 1986); *see also Slampak v. Nationwide Ins. Co. of Am.*, No. 5:18-cv-154, 2019 WL 3304814, at *6-7 (N.D. W. Va. July 23, 2019).

---

[2] "A settlement demand or offer is not necessarily determinative of the amount in controversy." *See Caprita v. Zilko*, No. 5:16-cv-170, 2017 WL 1407646, at *2 (N.D. W. Va. Apr. 19, 2017). This Court recognizes that "settlement offers routinely represent a discount from the damages plaintiffs will attempt to prove at trial" and an offer below the jurisdictional threshold is not dispositive to the amount-in controversy. *See White v. Newrez, LLC*, No. 2:21-cv-00444, 2022 WL 1920696, at *2 (S.D. W. Va. June 3, 2022) (quoting *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S. D. W. Va. 1994)).

24. "Presumptively reasonable attorneys' fees . . . are one-third of the face amount of the policy, unless the policy is either extremely small or enormously large." *See Hayseeds, Inc.*, 352 S.E.2d at 80.

25. If Plaintiff substantially prevails, an award of attorneys' fees of $16,666.67 would be presumptively reasonable.

26. Plaintiff's Demand identifies net economic loss damages of $5,848.00 for loss wages. [Ex. 4 at p. 3.]

27. Plaintiff's Demand includes general damages for loss of enjoyment of life (i.e., annoyance) of $25,000.00. [Ex. 4 at p. 3.]

28. Consideration of these damages show that Plaintiff's Complaint alleges damages against Nationwide above the jurisdictional threshold.

| | |
|---|---:|
| **Policy Limit** | $50,000.00 |
| **Attorneys' Fees** | $16,666.67 |
| **New Economic Loss** | $5,848.00 |
| **Annoyance, Inconvenience and Aggravation** | $25,000.00 |
| | |
| **Total** | $97,514.67[3] |

29. Finally, in evaluating the amount in controversy, this Court may consider a request for punitive damages. *See White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 27 (S.D. W. Va. 1994) (finding an award of punitive damages in excess of $10,000.00 reasonable, considering plaintiff's claims for violation of the UTPA for purposes of determining whether diversity

---

[3] Not all of the damages identified in Plaintiff's Demand qualify as extracontractual damages for consideration of the amount-in-controversy.

jurisdiction existed); *see also Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000) (noting, in considering whether Complaint alleges sufficient amount in controversy, "[t]his Court has previously found that a request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery."); *Bryant v. Wal-Mart Stores, E.*, 117 F. Supp. 2d 555, 556 (S.D. W. Va. 2000).

30. West Virginia Code § 55-7-29(c) allows a plaintiff to recover "the greater of four times the amount of compensatory damages or $500,000, whichever is greater." W. VA. CODE § 55-7-29(c) (2015); *see also Jersey Subs, Inc. v. Sodexo Am., LLC,* No. 1:18-cv-191, 2019 WL 208882, at *3 (N.D. W.Va. 2019) ("Considering the *minimum* cap on claims for punitive damages is $500,000.00 and Plaintiffs' demand for reputational harm of $20,000.00 . . . the amount in controversy is satisfied.") (emphasis in original).

31. The allegations and claims in Plaintiff's Complaint easily establish that the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. §§ 1332, 1441.

## Compliance with 28 U.S.C. § 1446

32. Nationwide will provide written notice of the filing of this Notice of Removal to Plaintiff promptly after filing the same, as required by 28 U.S.C. § 1446.

33. Nationwide will file a true and correct copy of this Notice of Removal with the Circuit Court of Cabell County, West Virginia, as required by 28 U.S.C. § 1446.

34. This Notice of Removal is signed pursuant to 28 U.S.C. § 1446 and Rule 11 of the Federal Rules of Civil Procedure.

For the reasons stated above, Nationwide respectfully requests that the entire action be removed from the Circuit Court of Cabell County, West Virginia, to the United States for the Southern District of West Virginia, as provided by law.

Dated this 7th day of March 2023.

                    NATIONWIDE MUTUAL INSURANCE COMPANY

                    By Counsel

/s/ Patrick C. Timony
Patrick C. Timony (W. Va. 11717)
Joshua A. Lanham (W. Va. 13218)
Bowles Rice LLP
Post Office Box 1386
Charleston, West Virginia  25325-1386
(304) 347-1752
ptimony@bowlesrice.com
*Counsel for Nationwide*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

DARLENE MCCOY,

    Plaintiff,

v.                           Civil Action No. 3:23-cv-00187
                           (Removed from Circuit Court of Cabell County
                           Civil Action No. 23-C-39)

NATIONWIDE MUTUAL AUTOMOBILE
INSURANCE COMPANY and MICHAEL
HATFIELD (*in name only*),

    Defendants.

## Certificate of Service

    I, Patrick C. Timony, do hereby certify that a true and correct copy of ***Notice of Removal*** was served upon counsel of record by CM/ECF and U.S. mail on the **7th day of March 2023**:

Kenneth P. Hicks, Esq.
Jared T. Hicks, Esq.
KENNETH P. HICKS, L.C.
742 Fourth Avenue
Huntington, WV 25701
*Counsel for Plaintiff*

                                              /s/ Patrick C. Timony
                                              Patrick C. Timony (W. Va. 11717)